SHIRLEY S. ABRAHAMSON, C.J.
¶ 47. (dissenting). I agree with the majority opinion that the proceeds of a legal malpractice claim may be used as collateral to secure a loan under Article 9 of the Uniform Commercial Code. Majority op., ¶¶ 18-24.[1] It is unclear from the record whether the malpractice claim in question existed at the time of service of the notice of the supplementary proceedings.[2]
*252 ¶ 48. Relying on In re Badger Lines, Inc., 224 Wis. 2d 646, 590 N.W.2d 270 (1999), the court of appeals concluded that Town Bank acquired a common-law equitable lien superior to Heartland's interest.
¶ 49. Relying on its decision in Associated Bank N.A. v. Collier, 2014 WI 62, 355 Wis. 2d 343, 852 N.W.2d 443, of even date, the majority opinion concludes that because Town Bank did not "levy" before Heartland perfected its statutory lien,[3] Heartland "has the superior interest" in the proceeds. Majority op., ¶ 4 (citing Associated Bank, 2014 WI 62, ¶ 3).
¶ 50. For the reasons stated in my dissent in Associated Bank, I do not join the majority opinion in the instant case.
¶ 51. I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.

 Wisconsin has codified its version of Article 9 of the Uniform Commercial Code at Wis. Stat. ch. 409.
The majority opinion uses interchangeably the terms "assign," "assignment," and "assignable" to refer to both assignment of rights in the proceeds of a legal malpractice claim and assignment of a security interest in the proceeds as collateral for a loan under Article 9.
A property interest may be nonassignable, but may still be used as collateral under Article 9, Section 9-408, Wis. Stat. § 409.408. See, e.g., Belke v. M&I First Nat'l Bank of Stevens Point, 189 Wis. 2d 385, 525 N.W.2d 737 (Ct. App. 1994) (certificates of deposit were properly used as collateral for a loan under chapter 409 even though the certificates of deposit explicitly stated that they could not be transferred or assigned without the bank's consent and the bank did not consent). For an overview of the use of nonassignable property interests as collateral to secure loans under the UCC, see Thomas E. Plank, The Limited Security Interest in Non-Assignable Collateral Under Revised Article 9, 9 Am. Bankr. Inst. L. Rev. 323, 329-36 (2001); G. Ray Warner, Non-Assignable Rights, Contracts, and Leases as Collateral Under Revised Article 9, Am. Bankr. Inst. J., Oct. 2000, at 18.

 Because I am in dissent in Associated Bank N.A. v. Collier, 2014 WI 62, 355 Wis. 2d 343, 852 N.W.2d 443, and in the instant case, I do not address the thorny issues raised by the *252 parties, such as whether the creditor's equitable lien extends to after acquired property and whether the malpractice claim in the present case was after-acquired property.

 See majority op., ¶ 4.